## BAIN *vs.* ATHENS FOUNDRY.

CASE, FROM CLARKE. Negligence. Homicide. Husband and Wife. Words and Phrases. Master and Servant. Charge of Court. Verdict. (Before Judge Hutchins.)

Blandford, J.—1. In a suit by a widow for the homicide of her husband, resulting from certain blasting, which was being done for the purpose of enlarging the foundry building of the defendant, the court having charged that, if the defendant was negligent, such negligence should amount to criminal negligence, before the plaintiff could recover, the charge fell short of giving the whole law to the jury, and was calculated to mislead them and to withdraw their minds from the main issue involved in this point. He should have charged that if the evidence showed that the blast followed the direction of the hole drilled, and if the hole was so drilled as to direct the blast against a house near by, in which there were a number of individuals among whom was the deceased, they should take this into consideration in determining whether the defendant was guilty of criminal negligence.

2. Although two persons were employed by the same master, yet where one of them was employed as a blaster for the purpose of removing certain rocks on the master's property, and alone had charge of the work of blasting, and the other had nothing to do with it, but was employed as a wood workman in the foundry of the master, they were not fellow-servants in the legal sense of the term, and a charge based on that assumption was erroneous, though it may have been a correct abstract statement. Wood, Master and Servant, 840, 841.

3. There being no evidence to show that the deceased contributed in the slightest degree to the injury which caused his death, the charge of the court on the subject of contributory negligence was not founded on the evidence, and was erroneous.

4. The verdict in this case is not only contrary to the evidence, but is without evidence to support it. If the testimony in the case is entitled to credit, there should have been a verdict for the plaintiff.

Judgment reversed.

T. W. Rucker; E K. Lumpkin; A. J. Cobb, for plaintiff in error.

Alex. S. Erwin; Pope Barrow, for defendant.